[No. 3534.]

EASTERN COLORADO POWER CO. v. GABEL.

1. BILL OF EXCEPTIONS—*When Necessary.* The contention upon appeal was limited to error alleged in the instructions. The only prejudicial result possible being to enhance the damages awarded, *held* that in the absence of a bill of exceptions preserving the evidence, the question could not be considered, especially where no complaint is made touching size of verdict.

*Appeal from Boulder District Court.* HON. JAMES E. GARRIGUES, Judge.

Mr. O. B. WILCOX, Mr. ANDREW H. WOOD, Mr. WILLIAM V. HODGES, Mr. MASON A. LEWIS, for appellant.

Mr. CHARLES M. CAMPBELL, for appellee.

CUNNINGHAM, Judge.

The appellant corporation, as plaintiff below, filed its petition seeking to condemn certain real property be-

longing to the appellee for a reservoir site, and for a
right of way for a ditch in which a pipe line was to be
laid for the purpose of feeding the reservoir. The only
matter in dispute here pertains to the right of way for
the ditch. The jury returned a verdict fixing appellee's
damages, or the value of the land for the reservoir and
pipe line right of way, at $800.00. Defendant excepted to
the verdict and was allowed time to file a motion for a
new trial, and thereafter, the time for the filing of the
motion for a new trial having expired without the same
having been filed, judgment was entered on the verdict
and this appeal taken.

In the briefs and on oral argument, counsel for ap-
pellant limited their contention to the alleged errors com-
mitted by the trial court in giving and refusing certain
instructions pertaining to the right of way for the pipe
line. The contention of appellant in this behalf is that
the trial court instructed the jury that by the condemna-
tion proceedings the petitioner corporation would receive
the fee simple title to the land involved, whereas, it con-
tends that by its petition it did not seek to take the fee
simple title to the land for pipe line purposes, but only
an easement. On the oral argument it was ably contended
that appellant had a right under the statutes pertaining
to eminent domain to condemn a bare easement, and that
this was all that was sought or contemplated by its peti-
tion filed in the cause. In view of the record before us, it
does not become necessary for us to determine this inter-
esting question.

If the instructions are erroneous in advising the jury
that the petitioner would obtain a fee simple title to the
land, the only effect of such error would be the tendency
of the instruction to enhance the amount of the verdict,
that is, make it excessive. But it is not claimed in the
assignments of error, in the brief or on oral argument,
that the verdict was in fact excessive. Nor was any of

the testimony taken on the trial below preserved by bill of exceptions.

For these reasons it is manifestly impossible for us to determine whether the verdict was excessive or not. There remains, therefore, nothing for us to do but affirm the judgment of the trial court, which is accordingly done.

*Judgment Affirmed.*